**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| EDWARD J. BAUMBACH, | : | **CIV. NO. 18-15008 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| LISA-RENEE MILLS, NP, SOUTH WOOD STATE PRISON MEDICAL DEPARTMENT, | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Edward J. Baumbach, a prisoner confined in South Woods State Prison in Bridgeton, New Jersey, brings this civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915. Plaintiff also filed a motion to appoint pro bono counsel. (Mot. to Appoint Counsel, ECF No. 2).

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous

or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court will dismiss the complaint without prejudice for failure to state a claim.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). On July 11, 2018, Plaintiff told the nurse on duty at

3

morning pill call that he was having chest pain. (Compl., ECF No. 1 at 5.) The nurse called a "Code 53"[1] and Plaintiff was given "nitro." (Compl., ECF No. 1 at 5.) Thirty minutes later, Plaintiff was given Maalox. (Id.) Plaintiff saw a nurse practitioner on July 13, 2018, and she sent him back to the unit. (Id. at 6.) On July 14, 2018, Plaintiff saw a nurse in sick call, and she gave him "Acid Gas" pills. (Id.) Plaintiff complained of shortness of breath and wheezing but no chest x-ray was ordered. (Id.)

On July 19, 2018, Plaintiff was scheduled for a chest x-ray on July 23. (Id.) In the meantime, Plaintiff was rushed to the hospital on July 21, 2018. (Id.) Plaintiff alleges that

> [i]f the Medical Department Nurse Practitioner Renee Mills would of [sic] reviewed Plaintiff's medical history instead of giving him Malox [sic] and sending Plaintiff back to the unit, it would of [sic] revealed two (2) prior heart attacks as well as blood clots and a collaspe [sic] lung. Nurse Renee Mill[s], NP neglect is clear and she must be held accountable as well as South Wood[s] State Prison Medical Department. So now Plaintiff has to ware [sic] a heart monitor and will need surgery to place a pacemaker in his chest.

(Compl., ECF No. 1 at 6-7.)

---

[1] Plaintiff explains that Code 53 is a medical assistant call.

B.  <u>Claims Under 42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

1.  Eighth Amendment Inadequate Medical Care Claims

The Court construes the Complaint to contain claims under 42 U.S.C. § 1983 of inadequate medical care in violation of the Eighth Amendment against Nurse Practitioner Renee Mills and South Woods State Prison Medical Department.

A state prison's medical department may not be sued under § 1983 because it is not a person. <u>Fischer v. Cahill</u>, 474 F.2d 991,

992 (3d Cir. 1973) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046, (1970); Ruff v. Health Care Adm'r, 441 F. App'x 843, 845-46 (3d Cir. 2011) (per curiam) (same)). The Court will dismiss with prejudice Plaintiff's Eighth Amendment claim under § 1983 against South Woods Prison Medical Department.

Nurse Practitioner Renee Mills may be sued in her personal capacity under § 1983. See Kentucky v. Graham, 473 U.S. 159, 167 (1985) ("On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.") "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 10 (1976) (quoting Gregg v. Georgia, 428 U.S. 153 (1976)). Allegations of malpractice or disagreement as to the proper medical treatment are insufficient to establish a constitutional violation. Id.

Deliberate indifference to serious medical needs may be shown where a medical professional intentionally inflicts pain on a prisoner or where a prison authority denies a reasonable request

for medical treatment, exposing an inmate to undue suffering or threat of tangible residual injury or "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care.'" Spruill, 372 F.3d at 235 (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)) (alterations in original)).

Plaintiff alleges Nurse Practitioner Mills was negligent by not reviewing his medical history and by treating his chest pain and shortness of breath with Maalox. Plaintiff does not allege that Mills refused to treat him but rather that she misdiagnosed him by treating him with an antacid rather than for a heart condition. This claim sounds in negligence and does not rise to the level of deliberate indifference to a serious medical need. See Bramson v. Sulayman, 251 F. App'x 84, 86 (3d Cir. 2007) (negligent failure to diagnose heart condition failed to state an Eighth Amendment claim). The Court will dismiss this claim without prejudice. If Plaintiff can allege additional facts that establish deliberate indifference rather than negligence in his medical treatment, he may file an amended complaint under § 1983.

2.  Malpractice Claims

Plaintiff does not specifically assert a claim under the New Jersey Tort Claims Act but he implies such a claim by alleging injuries caused by negligence of the defendants in providing him

7

with medical care. If plaintiff wishes to bring state law negligence claims against Nurse Practitioner Renee Mills and South Woods State Prison Medical Department, he must comply with the procedural requirements of the New Jersey Tort Claims Act. See Melber v. U.S., 527 F. App'x 183, 184-85 ("[b]ecause sovereign immunity would ordinarily preclude tort claims made against [] state employees, [the plaintiff] had to satisfy procedural requirements of the [New Jersey Tort Claims] Act to abrogate their sovereign immunity.")

"No action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. § 59:8-3. "[T]he Act requires a claimant to sign and file a notice of tort claim (a "Notice of Claim") with the public entity within 90 days from accrual of the cause of action." Tripo v. Robert Wood Johnson Med. Ctr., 845 F. Supp. 2d 621, 626 (D.N.J. 2012) (citing N.J.S.A. § 59:8-8).

> The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. The claimant failed to file the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S.59:8-9; or
>
> b. Two years have elapsed since the accrual of the claim; or

8

> c. The claimant or the claimant's authorized representative entered into a settlement agreement with respect to the claim.

N.J.S.A. § 59:8-8.

If Plaintiff wishes to pursue a state law tort claim, he should first comply with the procedural requirements of the New Jersey Tort Claims Act before filing such an action in state court or in federal court if he has a basis for jurisdiction.

C. Motion to Appoint Pro Bono Counsel

Plaintiff filed a motion to appoint pro bono counsel (ECF No. 2) under 28 U.S.C. § 1915(e)(1). Prior to appointing pro bono counsel, district courts "must consider as a threshold matter the merits of the plaintiff's claim" and appoint counsel only if the claim has some merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Because the Court has determined that the Complaint fails to state a claim upon which relief may be granted, the Court will deny Plaintiff's motion to appoint pro bono counsel without prejudice.

III. CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint without prejudice for failure to state a claim and deny without prejudice Plaintiff's motion to appoint pro bono counsel.

9

An appropriate order follows.

DATE: January 29, 2019

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**